HOUSTON, Justice
(concurring in part and dissenting in part).
I concur in the opinion insofar as compensatory damages are concerned. I dissent insofar as punitive damages are concerned. The jury verdict, omitting the reference to punitive damages, read:
“We, the jury find the issues in favor of the plaintiffs, Guy T. Epperson and Elizabeth Epperson, and for Alfa Insurance Company on its subrogation claim and assess $0 dollars as compensatory damages....”
That verdict is inconsistent; and after thoroughly studying the action of the trial court in polling the jury, I do not believe that its action cured the inconsistency. It is possible that if the trial court had polled the jury with the question: “Do you find the issues in favor of the defendant, Alabama Power Company?” and each juror had answered “yes,” that this would have cured the inconsistency. That did not happen.
Omitting its reference to compensatory damages, the verdict read:
“We, the jury find the issues in favor of the plaintiffs, Guy T. Epperson and Elizabeth Epperson, ... and assess ... $0 as punitive damages on behalf of Guy T. Epperson and Elizabeth Epperson.”
That verdict is not inconsistent. Punitive damages are awarded at the discretion of the jury. Therefore, a jury could find for a plaintiff and assess no punitive damages.
Therefore, I would affirm as to punitive damages, but reverse as to compensatory damages and remand.